GVS Properties LLC, Petitioner-Landlord-Appellant,
against
Raybblin Vargas et al., Respondents-Tenants-Respondents.



In consolidated nonpayment summary proceedings, landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about August 2, 2017, after a nonjury trial, which dismissed the petitions.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about August 2, 2017, affirmed, with $25 costs.
Even accepting landlord's argument that the September 1970 certificate of occupancy for 53 apartments was valid, we nonetheless sustain the dismissal of these consolidated nonpayment proceedings based upon tenants' Multiple Dwelling Law [MDL] § 302 defense. The trial court found, and it is essentially undisputed, that the building has been "substantially altered" since the September 1970 certificate was issued and now has "60 apartments, not the 53 permitted by the certificate of occupancy." The Department of Buildings had refused to issue a certificate of occupancy for the building as currently configured "because of serious fire safety concerns" relating to the lack of a second means of egress for certain apartments, and has issued violations for, inter alia, "altered/changed building occupied w/o valid C of O"; "failure to provide required means of egress from every floor"; and "occupancy contrary to that allowed by the certificate of occupancy." Tenants' expert testified that the lack of a second means of egress for certain apartments would affect the safety of all tenants in the building as a result of overcrowding in the common corridor and staircase in the event of an emergency.
Inasmuch as the building as presently configured varies substantially from what the certificate of occupancy permits and that the health and safety of all building residents is affected, landlord is barred from collecting rent for the entire building. The command of the Multiple Dwelling Law "is quite clear" (Chazon, LLC v Maugenest, 19 NY3d 410, 415 [2012]). If a dwelling or structure is "occupied in whole or in part for human habitation" without a conforming certificate of occupancy, "[n]o rent shall be recovered by the owner of such premises [*2]... and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent" (MDL § 302[1][b]). "If that is an undesirable result, the problem is one to be addressed by the Legislature" (Chazon, 19 NY3d at 417)
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 28, 2018